IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAURISHA REID, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   JURY TRIAL DEMANDED |
| | ) |
| EASY CREDIT AUTO SALES INC. | ) |
| Serve: | ) |
| Samuel F. Hudson | ) |
| 3101 S. Broadway | ) |
| Wichita, KS 67216 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Maurisha Reid, by and through her undersigned attorneys, alleges against Defendant Easy Credit Auto Sales Inc., stating as follows:

## NATURE OF THE CASE

1. This is a case of a car dealership simply disregarding the tenets of the Servicemembers Civil Relief Act and unlawfully repossessing Plaintiff's vehicle while she was on active duty.

## PARTIES

2. Plaintiff Maurisha Reid is a Georgia resident originally from Kansas. She was enlisted in the U.S. Army when the events complained of herein took place and remains a reservist.

3. Defendant Easy Credit Auto Sales Inc. is a Kansas for-profit corporation with its principal place of business in Wichita.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it is an action under the federal Servicemembers Civil Relief Act ("the SCRA").

5. This Court also has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has (general) personal jurisdiction over Defendant because it is a Kansas corporation whose business is largely, or exclusively, undertaken in Kansas.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims contained herein occurred in Kansas.

## FACTS COMMON TO ALL COUNTS

8. On or about March 22, 2019, Plaintiff purchased the 2013 Buick Regal with VIN 2G4GS5EV4D9174820 ("the Regal") from Defendant.

9. Plaintiff purchased the Regal at Defendant's lot in Wichita.

10. The installment contract memorializing the sale of the Regal to Plaintiff listed a cash price of just under $14,000, an annual percentage rate of 21%, and a cash down payment of $500.

11. At the time of her purchase, Plaintiff was not on active duty or in a period of military service.

12. Plaintiff proceeded to make numerous payments towards the Regal, typically on a weekly basis.

13. Then a new Army servicemember, Plaintiff received from the Department of Defense a letter, dated August 25, 2020, ordering her to active duty, for training in Oklahoma and Virginia, which training was to begin on September 22, 2020.

14. Because Plaintiff would be out of state and without access to her phone during basic training, Plaintiff informed Defendant of her military status and inquired as to payment possibilities.

15. Specifically, Plaintiff asked whether she could set up direct deposit or have her mother make payments in Plaintiff's stead.

16. Defendant refused both requests.

17. In so doing, Defendant intentionally made it exceedingly difficult for Plaintiff to make her car payments.

18. In fact, Defendant stated that it would consider it trespassing if Plaintiff's mother were to set foot on the lot.

19. On information and belief, the agents of Defendant that interacted with Plaintiff in this regard were named, respectively, Logan and Michael.

20. On or about September 20, 2020, Plaintiff departed to report for active duty, leaving the Regal at her mother's house.

21. Not long thereafter—on information and belief, on or about October 5, 2020—Defendant repossessed the Regal from Plaintiff's mother's home.

**THE SCRA**

22. Congress enacted the SCRA, 50 U.S.C. § 3901 *et seq.*, with the purpose of strengthening national defense by allowing for "the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902.

23. The SCRA proscribes the repossession of servicemembers' collateral while they are in "military service," **regardless of payment status**, unless the repossessor obtains a court order. 50 U.S.C. § 3952(a)(1).

24. Pursuant to 50 U.S.C. § 4042, Plaintiff possesses a private right of action for Defendant's violations of the SCRA, whereby Plaintiff may recover monetary damages, litigation costs and reasonable attorneys' fees, and other appropriate relief.

## DEFENDANT HAS INFLICTED EMOTIONAL DISTRESS ON PLAINTIFF

25. As mentioned, Plaintiff was preparing to move states and undertake U.S. Army training so as to comply with an order issued by the Department of Defense.

26. As stated, Plaintiff informed Defendant in this regard and yet Defendant extended her no courtesy.

27. In fact, an agent, or agents, of Defendant stated that Plaintiff's mother coming to make an in-person payment would constitute trespass.

28. But it was Defendant who trespassed on the mother's property while disregarding the SCRA and illegally repossessing the Regal.

29. Defendant's actions have caused Plaintiff to suffer emotional distress, including worry and fear.

4

## STATUTES OF LIMITATIONS

30. Pursuant to 50 U.S.C. § 3936(a), all applicable statutes of limitations and/or repose are tolled for the period of Plaintiff's military service.

### COUNT I: VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT
### 50 U.S.C. § 3901 *et seq.*

31. Plaintiff, for this Count I of her Complaint, incorporates the previous paragraphs as if wholly set forth herein.

32. The SCRA provides protections for servicemembers while they are in a term of "military service."

33. Among the protections the SCRA provides is that it prohibits the repossession of a servicemembers' collateral *even if they have defaulted on the underlying* [*retail installment contract*] while they are in a period of "military service." 50 U.S.C. 3952(a)(1) (emphasis added).

34. The one exception to this rule is that a creditor may repossess a servicemember's vehicle while they are in a period of "military service" *only* if they have a court order. 50 U.S.C. 3952(a)(1). There are no other exceptions.

35. Plaintiff was a servicemember in a period of "military service" from approximately September 22, 2020, until June 2021.

36. Defendant repossessed the Regal during that period of military service.

37. At the time of repossession—on or about October 5, 2020—Defendant did not have a court order for such repossession.

5

38. Defendant's repossession of the Regal therefore violated 50 U.S.C. § 3952(a)(1).

39. Plaintiff was "aggrieved" by that repossession as the Regal was her primary method of transportation, she had made numerous payments towards the purchase of that vehicle, and she wanted to keep the Regal. As described, Plaintiff attempted to set up alternative—and eminently reasonable—payment methods but was rebuffed by Defendant.

40. If Defendant has reported Plaintiff's credit negatively in this regard, then Plaintiff is aggrieved in that aspect as well.

41. Defendant's conduct as to Plaintiff was intentional, willful, wanton, reckless, and/or fraudulent, entitling Plaintiff to recover punitive damages. As described above, Plaintiff not only informed Defendant that she had been ordered to active duty but also that she wanted to continue making payments during her service period.

42. Plaintiff thereby prays for judgment against Defendant for her actual damages, punitive damages, pre- and post-judgment interest in the greatest amount allowable by statute, reasonable attorneys' fees, costs in bringing this action, and such other and further relief the Court finds just and proper under the circumstances.

### COUNT II:
### VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT
### K.S.A. § 50-623 *et seq.*

43. Plaintiff, for this Count II of her Complaint, incorporates the previous paragraphs as if wholly set forth herein.

44. The Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq.*, prohibits deceptive and unconscionable acts and practices in connection with consumer transactions.

45. Plaintiff is and was a member of the military and thus a "protected consumer" per K.S.A. § 50-676(g)(5).

46. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct, as described above, relative to a consumer transaction—i.e., her purchase of the Regal from Defendant.

47. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in that Defendant retained her down payment despite illegally repossessing the Regal.

48. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in that Defendant retained many of her car payments despite illegally repossessing the Regal.

49. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in that Defendant stole, converted, and/or illegally repossessed the Regal.

50. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in that she paid for auto insurance that necessarily became worthless when Defendant seized the Regal.

51. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in that Defendant harassed her while she was at work.

52. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct in, and to the extent, that she must obtain a new vehicle.

53. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct because she was forced to retain counsel and litigate.

54. The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable acts and/or practices. K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 277, 234, 152 P.3d 60, 67 (2007).

55. For the purposes of calculating any applicable statute(s) of limitation, each KCPA violation, described herein, entailed a separate and distinct violation.

56. Plaintiff is a "consumer," as defined by K.S.A. § 50-624(b).

57. As a "consumer" under the KCPA, Plaintiff, by definition, had, and has, less bargaining power than Defendant.

58. Defendant is a "supplier" as defined by K.S.A. § 50-624(l).

59. The purchase of the Regal was a "consumer transaction" as defined by K.S.A. § 50-624(c).

60. Defendant's violations of § 50-626, Deceptive Acts and Practices, include, but are not limited to, the following:

    a. XXX

61. Defendant's violations of K.S.A. § 50-627, Unconscionable Acts and Practices, include, but are not limited to, the following:

    a. XXXX

8

62. Pursuant to K.S.A. § 50-634(d)(1), Plaintiff is entitled to recover damages for violations that are "specifically proscribed in K.S.A. §§ 50-626, 50-627 and 50-640."

63. Pursuant to K.S.A. § 50-636(a), Plaintiff may recover a civil penalty of up to $10,000 for each KCPA violation by Defendant.

64. Pursuant to K.S.A. § 50-677, the Court may impose an enhanced penalty of $20,000 per violation because Plaintiff is a protected consumer.

65. Plaintiff is entitled to recover her costs and reasonable attorneys' fees per K.S.A. § 50-634(e).

66. Plaintiff thereby prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, statutory penalties, reasonable attorneys' fees, and for such other and further relief the Court finds just and proper under the circumstances.

## COUNT III:
## CONVERSION

67. Plaintiff, for this Count III of her Complaint against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

68. As described above, Plaintiff purchased the Regal. As such, the Regal was her property.

69. As described above, Defendant assumed or exercised control and ownership over the Regal, to the exclusion of Plaintiff and her right of ownership as to the Regal.

70. As described above, Defendant's assumption or exercise of ownership of the Regal was without authorization. Indeed, Defendant simply stole the Regal from Plaintiff's mother's home.

71. As such, Defendant committed conversion as to the Regal.

72. If Defendant has sold the Regal, Plaintiff did not give it authorization to do so.

73. Plaintiff was damaged by Defendant's conversion of the Regal.

74. In Kansas, conversion is a strict-liability tort.

75. Plaintiff thereby prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

## COUNT IV:
## BREACH OF CONTRACT

76. Plaintiff, for this Count IV of her Complaint against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

77. As described, Plaintiff entered the RISC with Defendant for the purchase of the Regal.

78. Sufficient consideration supported that contract.

79. Plaintiff performed and/or was willing to perform in compliance with the RISC. As stated, she made a $500 down payment on the Regal on the date of purchase.

80. As described herein, Defendant thoroughly breached the RISC.

81. Defendant's breach of that contract was the direct and proximate cause of damages to Plaintiff, including but not limited to Defendant's repossession of the Regal.

82. Plaintiff thereby prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, punitive damages, and for such other and further relief as may be just and proper under the circumstances.

## COUNT V:
## NEGLIGENCE

83. Plaintiff, for this Count VIII of her Complaint, incorporates the previous paragraphs as if wholly set forth herein.

84. Defendant owed Plaintiff a duty of care when handling Plaintiff's account. This required Defendant to act in a non-negligent manner, comply with the law, and accept payments from Plaintiff's mother when legally appropriate.

85. Defendant breached that duty of care by:

   a. Refusing to accept payments for the Regal from Plaintiff's mother;

   b. Repossessing the Regal without providing Plaintiff a meaningful opportunity to cure the default;

   c. Repossessing the Regal without a Court Order;

   d. Upon information and belief, selling the Regal without providing Plaintiff a meaningful opportunity to cure the default; and

   e. Engaging in a pattern of conduct which, when taken in its totality, is and was negligent.

11

86. Defendant's failure to meet the requisite standard of care caused injury to Plaintiff.

87. Defendant's conduct was grossly negligent, intentional, willful, wanton, reckless, fraudulent, and/or with malice.

88. Plaintiff thereby prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, punitive damages, and for such other and further relief as may be just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

## **DESIGNATION OF PLACE OF JURY TRIAL**

Plaintiff designates Kansas City, Kansas as the place for this case to be tried to a jury.

Respectfully submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell         KS#20866
Mark W. Schmitz       KS#27538
Andrew Taylor         KS#28542
Jenilee V. Zentrich   KS#29098
**Bell Law, LLC**
2600 Grand Blvd., Ste. 580
Kansas City, Missouri 64108

Telephone: 816-886-8206
Facsimile: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiff*